# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DEBORAH BOLEN,**
**Claimant Below, Petitioner**

**FILED**
**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-312**        (JCN: 2024014597)

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Deborah Bolen appeals the July 8, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Raleigh County Board of Education ("RCBOE") filed a response.[1] Ms. Bolen did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the addition of intervertebral disc prolapse as a compensable diagnosis in this claim; and denied authorization for a physical therapist referral, a thoracic MRI, and an orthopedic spine surgeon referral.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

An Employee Accident Report dated September 19, 2023, and signed by Ms. Bolen and her supervisor, indicated that Ms. Bolen injured her low back lifting a stroller with two children in it. Prior to the compensable injury in this claim, Ms. Bolen had prior claims relating to back injuries and received treatment for degenerative back issues. On March 17, 2015, Ms. Bolen underwent a lumbar spine MRI revealing concentric bulging and left lateral protrusion of L3-L4 and L4-L5 intervertebral disc, along with marginal osteophytes, resulting in encroachment on the left lateral recesses and possible nerve root impingement; mild concentric bulging of L5-S1 intervertebral discs; and mild encroachment at L2-L3 lateral recesses by combination of lateral disc bulging and small marginal osteophytes.

---

[1] Ms. Bolen is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. RCBOE is represented by Jeffrey M. Carder, Esq.

On March 26, 2015, the claim administrator issued an order in JCN 2015025184 (a prior claim), holding the claim compensable for lumbar sprain with a date of injury of March 9, 2015. Lumbar IVD (intervertebral disc) syndrome was not accepted as a compensable diagnosis. An EMG/nerve conduction study dated April 28, 2015, was interpreted as showing S1 radiculopathy on the left. Ms. Bolen was granted an 8% permanent partial disability award in an Office of Judges' decision dated December 12, 2016. The Supreme Court of Appeals of West Virginia ("SCAWV") issued a memorandum decision in JCN 2015025184 dated July 6, 2017,[2] affirming the Board's order of June 28, 2016, which affirmed the denial of a request to add lumbar radiculopathy to the claim and the denial of a request for physical therapy treatments. The SCAWV concluded that Ms. Bolen's lumbar radiculopathy is related to her non-compensable lumbar intervertebral disc syndrome, not the work-related injury.

On February 2, 2018, Ms. Bolen filed a claim for injuries to her lower back and the side of her face occurring on February 1, 2018 (another prior claim). The claim administrator issued an order dated March 1, 2018, holding the claim compensable for lumbar sprain. Ms. Bolen underwent a lumbar MRI on April 23, 2018, revealing a left of midline disc herniation extending slightly cephalad, L1-L2; left neuroforaminal compromise, L3-L4 worse than L4-L5; osteoarthritic vertebral body lipping and facet hyperostosis; and multilevel disc degeneration.

Prasadarao Mukkamala, M.D., completed an independent medical evaluation report dated April 9, 2019, regarding Ms. Bolen's injury of February 1, 2018. Dr. Mukkamala reported that Ms. Bolen had pre-existing, naturally occurring degenerative disc disease. Dr. Mukkamala opined that, based upon imaging evidence dated March 17, 2015, and other evidence, the intervertebral disc syndrome was naturally occurring and pre-existed the compensable injury of February 1, 2018. On January 20, 2021, the SCAWV issued a memorandum decision in JCN 2018018417,[3] affirming the Board's order dated October 18, 2019, which affirmed the denial of the request to add L1-L2 intervertebral disc syndrome. The SCAWV concluded that the condition is the result of non-compensable, pre-existing degenerative changes.

Returning to the compensable injury in this claim, Ms. Bolen was treated by Rocky Sexton, DC, from September 22, 2023, through May 7, 2024, for complaints of thoracic and lumbar pain. On September 22, 2023, Ms. Bolen reported that her thoracic spine was better, but her lumbar spine was aching/burning with radiation to the left buttocks and hip.

---

[2] *See Bolen v. Raleigh Cnty. Bd. of Ed.*, No. 16-0707, 2017 WL 2871475 (July 6, 2017) (memorandum decision).

[3] *See Bolen v. Raleigh Cnty. Bd. of Ed.*, No. 19-1055, 2021 WL 195289 (Jan. 20, 2021) (memorandum decision).

On November 29, 2023, Ms. Bolen reported constant thoracic and lumbar pain radiating to the left buttock and hip. On January 9, 2024, Dr. Sexton requested an MRI of Ms. Bolen's thoracic and lumbar spine because she had severe non-resolving pain, numbness, and tingling of her mid back, low back, and legs. On February 6, 2024, Dr. Sexton referred Ms. Bolen to West Virginia Pain Institute for a consultation for the diagnosis of lumbar spine and thoracic spine intervertebral disc syndrome. Dr. Sexton indicated on the form that the injury was not occupational.

On January 17, 2024, Ms. Bolen underwent MRIs of her thoracic and lumbar spine. The thoracic MRI revealed a shallow posterior central protrusion of the T7-T8 intervertebral disc, resulting in mild effacement of thecal sac; there was no evidence of significant foraminal narrowing or spinal cord compression. The lumbar MRI revealed left foraminal and extraforaminal protrusion of L3-L4 intervertebral disc, along with mild facet hypertrophy and hypertrophy of ligamentum flavum, resulting in mild left foraminal stenosis.

On February 8, 2024, Ms. Bolen was seen by Ronald Miller, PA. PA Miller's report indicates that, although Ms. Bolen was injured on September 15, 2023, she did not stop working until November 17, 2023. Ms. Bolen told PA Miller that she was pushing/pulling on a stroller with two autistic children in it and felt a popping sensation in her mid-back. Ms. Bolen reported a history of lower back disc herniation and stated she sees a chiropractor regularly for this. PA Miller reported that Ms. Bolen's January 17, 2024, lumbar MRI shows a left foraminal and extraforaminal protrusion of the L3-L4 intervertebral disc with mild left foraminal stenosis unchanged from the April 23, 2018, study and a shallow left paracentral disc bulge without disc protrusion at T4-T5 and T5-T6. PA Miller diagnosed low back pain, thoracic back pain, intervertebral disc prolapse, and strain of thoracic region.

Ms. Bolen filed an Employees' and Physicians' Report of Occupational Injury or Disease dated February 8, 2024, alleging that she sustained an injury to her back on September 15, 2023, while bringing students into the building in a stroller.[4] Ms. Bolen indicated that she could not get them through the door, so she lifted them over the threshold

---

[4] On June 3, 2024, the Board issued an order reversing the claim administrator's order dated February 16, 2024, which rejected the claim, and the Board held the claim compensable for thoracic strain. Regarding the diagnosis of intervertebral disc prolapse of the lumbar spine, the Board found that the evidence showed that the diagnosis pre-existed the injury of September 15, 2023. Regarding the diagnosis of intervertebral disc prolapse of the thoracic spine, the Board found that the evidence was insufficient to establish that the diagnosis was causally related to the compensable injury, but that Ms. Bolen was not precluded from seeking to add the diagnosis based on additional evidence.

while propping the door open with her body. PA Miller completed the physician's portion of the form. PA Miller diagnosed a mid-back strain and intervertebral disc prolapse as a direct result of an occupational injury. PA Miller restricted Ms. Bolen to modified duty.

Ms. Bolen was deposed on April 24, 2024, and she testified that she had two prior work-related lower back injuries. The first injury occurred on March 9, 2015, for which she received an 8% permanent partial disability award. Ms. Bolen stated that she had another work-related low back injury on February 1, 2018, and continued to receive treatment from Dr. Sexton for her lumbar spine after that injury. Ms. Bolen testified that after the injuries of 2015 and 2018, she suffered from sciatic flare-ups. Ms. Bolen stated that on September 15, 2023, she was told to bring in two disabled children, each weighing over fifty pounds, from the playground in a stroller. Ms. Bolen stated that she was pushing the stroller over a metal threshold and using her body to hold the door open while she attempted to lift the stroller over the threshold. Ms. Bolen testified that, at the time of the injury, she felt a burning on the left side of her body from the upper to the lower part of her back. Ms. Bolen further testified that her present symptoms were pain and sensitivity in her upper back. Ms. Bolen stated that she was put on administrative leave in November until her superiors could determine if she was able to continue her job with the medical restrictions. Ms. Bolen testified that, following the compensable injury in this claim, she was experiencing sciatic pain that travels down her left leg with burning and stinging and sometimes numbness on the left side of her left foot; and she also had symptoms in her left hip and mid back. Ms. Bolen stated that she experienced these symptoms prior to the compensable injury in this claim, but now she cannot get them to subside.

PA Miller completed a Diagnosis Update form dated June 18, 2024, requesting that intervertebral disc prolapse, thoracic back pain, and low back pain be added as compensable conditions in the claim. PA Miller reported that it was hard to determine if this was a new injury versus an exacerbation of a prior injury, however, he noted that the symptoms onset was with the injury. On June 25, 2024, the claim administrator issued an order denying the addition of intervertebral disc prolapse as a compensable diagnosis in this claim. Ms. Bolen protested this order.

On a Workers' Compensation Duty Form dated July 10, 2024, Pamela Crowder, NP, indicated that Ms. Bolen could return to modified duty. On July 10, 2024, NP Crowder requested authorization for a thoracic MRI, a referral to an orthopedic spine surgeon, and a referral to a physical therapist for the diagnosis of intervertebral disc prolapse. On July 17, 2024, the claim administrator issued an order denying authorization for a physical therapist referral, a thoracic MRI, and an orthopedic spine surgeon referral. Ms. Bolen protested this order.

Bruce Guberman, M.D., completed a record review report dated August 6, 2024. Dr. Guberman opined that Ms. Bolen sustained a thoracic spine sprain/strain and a disc

4

protrusion at T7-T8 as a result of the compensable injury of September 15, 2023, and he recommended a referral to a neurosurgeon or spinal orthopedic surgeon. Dr. Guberman stated that the history and records available to him did not indicate any prior thoracic spine injury, symptoms, or findings. On October 26, 2024, Cynthia Williams, NP, assessed prolapsed lumbar intervertebral disc.

Scott Preusen, M.D., completed an Age of Injury report dated November 26, 2024. Dr. Preusen reviewed the thoracic MRI dated January 17, 2024, and stated that he agreed with the MRI findings of shallow posterior central disc protrusion at T7-T8 and disc bulges at T5-T6, T7-T8, and T8-T9. Dr. Preusen opined that these findings were chronic.

On February 18, 2025, Marcus Cervantes, M.D., evaluated Ms. Bolen, who reported a date of injury of September 15, 2023, and that she had permanent restrictions from a pre-existing lumbar spine condition. Ms. Bolen further reported constant daily thoracic back pain radiating to the low back, left groin, left hip, and left calf with paresthesia of the left foot. Dr. Cervantes opined that the imaging findings represented a chronic condition that was degenerative and that Ms. Bolen did not sustain an intervertebral disk prolapse as a result of the work injury. Dr. Cervantes stated that there were no verifiable complaints consistent with radiculopathy on the examination he performed. Dr. Cervantes opined that the mechanism of injury was not consistent or likely to cause a central disc protrusion. Dr. Cervantes further opined that Ms. Bolen had reached maximum medical improvement from the compensable thoracic strain and that no further treatment was medically necessary or reasonable for the strain. Thus, Dr. Cervantes opined that the orthopedic spine referral, physical therapy referral, and MRI are neither medically necessary nor reasonably related to the work injury.

On July 8, 2025, the Board affirmed the claim administrator's orders, which denied the addition of intervertebral disc prolapse as a compensable diagnosis in this claim; and denied authorization for a physical therapist referral, a thoracic MRI, and an orthopedic spine surgeon referral. The Board found that Ms. Bolen has not established that lumbar and thoracic intervertebral disc prolapse are causally related to the compensable injury. Further, the Board found that Ms. Bolen has not established that the requested medical treatment is medically related and reasonably required for treatment of the compensable injury. Ms. Bolen now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

5

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Ms. Bolen argues that her prolapsed thoracic disc disorder should be recognized as compensable, and that because "the requested diagnosis should have been authorized under the claim, the requested treatment for such should also be authorized as the thoracic MRI and the referrals for physical therapy and an orthopedic surgeon are medically related to the diagnosis and reasonably required to treat it." According to Ms. Bolen, the Board's decision disregarded her treating medical provider's opinions, and instead found, with a blanket, non-explanatory statement, that RCBOE's doctors found the requested diagnosis to be chronic in nature and not causally related to the compensable injury. Ms. Bolen further argues that her treating provider stated that while it was difficult to determine whether the diagnosis was a new injury or exacerbated an older one, the onset of symptoms began with the September 15, 2023, injury. Finally, Ms. Bolen argues that her testimony following the injury in this claim was that her symptoms became constant and would not subside with a simple adjustment from a chiropractor or stretching at home, which previously relieved the symptoms.

Here, the Board found that because Ms. Bolen's thoracic spine was symptomatic prior to the compensable injury, she is not entitled to the presumption that her thoracic impairment resulted from the compensable injury. See Syl. Pt. 5, *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). The Board provided the following reasons:

The medical providers have opined that intervertebral disc prolapse of the thoracic spine is causally related to the compensable injury. These opinions are not reliable. In his request to add the condition as a compensable component of the claim, PA Miller stated that it was hard to determine if this was a new injury versus exacerbation of a prior injury, though the symptoms onset was with the injury. Dr. Guberman's opinion regarding causation of the intervertebral disc prolapse is not reliable because he reported that there

6

was no history or records indicating any prior thoracic spine injury, symptoms, or findings. This is inaccurate. The claimant's testimony and the records from Dr. Sexton/Integrity Chiropractic establish that she had mid-back symptoms prior to the injury of September 15, 2023.

Dr. Preusen and Dr. Cervantes opined that the thoracic imaging findings were chronic in nature. Dr. Cervantes opined that thoracic intervertebral disc prolapse was not causally related to the compensable injury. The opinions of Drs. Preusen and Cervantes are reliable. The preponderance of the evidence establishes that thoracic intervertebral disc prolapse is not causally related to the compensable injury.

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Bolen failed to establish that a thoracic intervertebral disc prolapse is causally related to the compensable injury. Further, we conclude that the Board was not clearly wrong in finding that Ms. Bolen failed to establish that the requested medical treatment is medically related and reasonably required for treatment of the compensable injury. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's orders, which denied the addition of intervertebral disc prolapse as a compensable diagnosis in this claim; and denied authorization for a physical therapist referral, a thoracic MRI, and an orthopedic spine surgeon referral.

Accordingly, we affirm the Board's July 8, 2025, order.

Affirmed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

7